8

**Johnnie CAPELL, Plaintiff–Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 03–6425.

United States Court of Appeals, Sixth Circuit.

June 8, 2004.

Johnnie Capell, New Tazewell, TN, pro se.

John L. Martin, Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before SILER and GIBBONS, Circuit Judges; and REEVES, District Judge.*

## ORDER

Johnnie Capell, a pro se Tennessee resident, appeals a district court order affirming the Commissioner's denial of her application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Capell filed her application for social security disability insurance benefits on March 21, 2000. Capell was born on June 9, 1941, and has a high school education with two years of college. She previously worked as a kitchen designer and as a restaurant-catering manager. Capell was allegedly disabled due to fibromyalgia, thrombophlebitis, irritable bowel syndrome, varicose veins, depression, and a sleeping disorder.

After a hearing, an administrative law judge (ALJ) found that Capell could perform her previous positions as a kitchen designer and as a restaurant-catering manager. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Capell then filed a civil action seeking judicial review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment to the Commissioner.

■ Capell challenges the ALJ's credibility determination. Capell must establish that she was disabled on or before June 30, 1991, the day her insured status for benefits expired. In reviewing the rec-

ord, the ALJ found that Capell's complaints were not fully credible. Capell asserted multiple physical impairments which prevented her from working from February 9, 1987, through July 1991. However, as the ALJ noted, Capell received very little medical treatment during this time period. Although she did undergo ligation and stripping for varicose veins, she had no post-operative complications. Because of the surgery, the ALJ found Capell's symptoms to be genuine. However, her allegations of being disabled were offset by her activities during the time period in question. As the ALJ noted, Capell traveled to Kenya. She acknowledged performing light household activities, teaching at church, and reading. Because of the medical evidence and her activities, the ALJ concluded that Capell's allegations regarding the severity of her conditions were not fully credible. Credibility determinations rest with the ALJ. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). As the medical evidence does not support Capell's assertion of being disabled prior to the expiration of her insured status, the ALJ did not commit reversible error in rejecting Capell's testimony.

■ Capell also contends that it is not fair for the social security administration to penalize her because of the "incompetence of the numerous medical professionals" that she has seen over the years. As the ALJ noted, Capell was diagnosed with fibromyalgia in November 1995, irritable bowel syndrome, pelvic prolapse repair in 1998, and chronic anxiety/depression in 1998. Further, physical assessments were provided by three medical sources in July 2000. However, these conditions cannot be considered by the

---

Commissioner as they were not documented as being present prior to the expiration of Capell's insured status on June 30, 1991. The medical evidence which existed prior to June 1991 indicated Capell had deep vein phlebitis symptoms of pain and swelling in the lower extremities. Hospital records showed a history of multiple hospitalizations for right lower extremity deep vein thrombosis, a pulmonary embolism at the age of twenty-seven, as well as status post-ligation stripping of varicose veins for both lower extremities. During her hospitalization, Capell was placed on Heparin and bed rest. After three days, her symptoms disappeared. By October 1987, Dr. Frost, a treating physician, noted that Capell reported having no pain, although he observed edema in both ankles while having good muscle tone.

The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health and Human Servs.*, 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). In this case, the ALJ did not reject the medical evidence in the records regarding Capell's condition prior to the expiration of her insured status. As the medical evidence in the record prior to the expiration of her insured status establishes that Capell was not disabled, the ALJ's reliance on this evidence was not erroneous.

■ In her brief, Capell has submitted additional medical evidence. As the Commissioner notes, the evidence dates more than twelve years after the expiration of Capell's insured status and more than fifteen months after the ALJ issued his decision. This court will not consider this type of evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir.2003). Thus, the court will not review the additional evidence which Capell has submitted with her briefs.

If Capell is attempting to obtain a remand to the Commissioner in light of this evidence, she has not established a good cause for demonstrating why she failed to acquire these documents and present the evidence to the ALJ. *See Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001). It is undisputed that the doctors in question did not see Capell prior to the expiration of her insured status. Therefore, this evidence is not material to her application for benefits. *Id.*

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.